Argued and submitted May 7, decision of Court of Appeals and judgment of
circuit court affirmed October 9, 2003

STATE OF OREGON,
*Respondent on Review,*

*v.*

MORGAN JOEL PERRY,
*Petitioner on Review.*

(CC 98-01-40848; CA A102784; SC S48330)

77 P3d 313

Leland R. Berger, Portland, argued the cause and filed the brief for petitioner on review.

Erika L. Hadlock, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Daniel M. Zavadil, Fairfax, Virginia, filed the brief for *amicus curiae* National Rifle Association of America Civil Rights Defense Fund.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, and Balmer, Justices.**

BALMER, J.

---

** De Muniz and Kistler, JJ., did not participate in the consideration or decision of this case.

**BALMER, J.**

Defendant was charged with unlawful possession of a firearm, ORS 166.250, for carrying a concealed weapon without a license while working as an employee at a convenience store. As a defense to that charge, defendant argued that his actions fell within the statutory "place of business" exception to the general requirement that persons carrying concealed weapons must have a license. The trial court rejected that argument, concluding that the exception did not apply to defendant because he was not the owner of the convenience store. The Court of Appeals affirmed. *State v. Perry*, 165 Or App 342, 996 P2d 995 (2000). We allowed defendant's petition for review and now affirm the decision of the Court of Appeals.[1]

The facts pertinent to the legal issue on review are not in dispute. Defendant was employed at Elias Grocery, a convenience store in Portland. Karamanos, the owner of the store, worked part-time and entrusted his employees with full authority to operate the business when he was away from the store. On January 11, 1998, defendant was working alone at the store. Responding to a report of a firearm, police entered the store and asked defendant if he was carrying a gun. Police secured a handgun from defendant without incident. Defendant admitted that he did not have a license to carry the gun and was charged with violating ORS 166.250.[2] As noted, the trial court rejected defendant's argument that

---

[1] Defendant also argues that there was insufficient evidence for the trial court to conclude that the handgun that he possessed was readily capable of use as a weapon. The Court of Appeals held that the evidence was sufficient, and we agree.

[2] ORS 166.250 provides, in part:

"(1) [A] person commits the crime of unlawful possession of a firearm if the person knowingly:

"(a) Carries any firearm concealed upon the person;

"* * * * *

"(2) This section does not prohibit:

"* * * * *

"(b) Any citizen of the United States over the age of 18 years * * * from owning, possessing or keeping within the person's place of residence or place of business any handgun, and no permit or license to purchase, own, possess or keep any such firearm at the person's place of residence or place of business is required of any such citizen."

ORS 166.250(2)(b), which provides that a person may possess a handgun within that "person's * * * place of business" without a license, applied to him because he was at his "place of business" when working alone at the store. Thereafter, defendant was convicted following a trial to the court, and the Court of Appeals affirmed.

On review, defendant and *amicus curiae* National Rifle Association of America Civil Rights Defense Fund argue that the "place of business" exception to the licensing requirement applies to defendant's possession of a firearm at the convenience store where he was employed. He also argues that his conviction violates Article I, sections 20 and 27, of the Oregon Constitution and the Second and Fourteenth Amendments to the United States Constitution. We first consider defendant's statutory argument. *See State v. Stevens*, 319 Or 573, 579, 879 P2d 162 (1994) (court considers statutory arguments before constitutional arguments).

Defendant argues that the "place of business" exception applies to him because a "person's * * * place of business" is the place where that individual is employed. According to defendant, the wording of the statute is unambiguous, and nothing in that wording expressly or impliedly requires an ownership interest in the business. If the wording is ambiguous, defendant continues, then the court should resolve that ambiguity by applying rules of statutory construction and by considering how the legislature at the time would have resolved the ambiguity. Defendant asserts that examining the statute in that manner will lead to the conclusion that the phrase "person's * * * place of business" as used in ORS 166.250(2)(b) includes the place where the person is employed.

■    The question presented in this case, whether the exception in ORS 166.250(2)(b) for persons in their "place of business" applies to nonowner employees, requires us to construe that statute. In doing so, we seek to discern the intent of the legislature that passed that statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The legislature enacted the original version of the statute in 1925, Or Laws 1925, ch 260, § 5, and this court previously has

not construed the specific provision in question, ORS 166.250(2)(b).

■■ In interpreting the words of a statute enacted many years ago, we may seek guidance from dictionaries that were in use at the time. *See Vannatta v. Keisling,* 324 Or 514, 530, 931 P2d 770 (1997) (using "dictionary relevant to that time" in interpreting constitutional provision); *see also Tipperman v. Tsiatsos,* 327 Or 539, 964 P2d 1015 (1998) (using contemporaneous dictionary to interpret words in 1909 deed). If the words in a statute have a well-defined legal meaning, as is the case here with respect to the phrase at issue, then we will give those words that meaning in construing the statute. *Gaston v. Parsons,* 318 Or 247, 253, 864 P2d 1319 (1994).

■ Legal dictionaries that were used around the time that ORS 166.250(2)(b) was enacted indicate that the phrase "place of business" was not synonymous with "place of employment." Rather, the phrase referred to a location where a person conducted that person's own, independent business, rather than to a location where a person was an employee engaged in the business of another person. Benjamin Pope's 1920 collection of definitions used by courts defined "place of business" as:

> "A place actually occupied, either continually or at regular periods, by a person or his clerks, or those in his employment."

Benjamin W. Pope, 2 *Legal Definitions: A Collection of Words and Phrases as Applied and Defined by the Courts, Lexicographers and Authors of Books on Legal Subjects* 1181 (1920). Similarly, the 1930 edition of Ballentine's *Law Dictionary* defined "place of business" as

> "A place actually occupied, either continually or at regular periods, by a person or his clerks, in the pursuit of a lawful employment which occupies his time, attention, and labor."

James A. Ballentine, *Law Dictionary with Pronunciations* 970 (1930). Those definitions distinguish between the "person" who pursues his occupation at "his" place of business and "his clerks" or employees who work at the same location to further the "person's" business. Moreover, the word "clerk" was used, at the time, synonymously with the word

"employee"[3] and referred to a person who was *not* "carrying on a business."[4] To the same effect, *Bouvier's Law Dictionary* defined "place of business" as "the place where a man usually transacts *his* affairs or business." Francis Rawle, *Bouvier's Law Dictionary* 2596 (8th ed 1914) (emphasis added).[5]

Thus, in 1925, a "person's * * * place of business" was understood to mean the place where a person conducted his or her own business, and it was not the "place of business" of a clerk or employee who worked at that location on behalf of another. The wording of ORS 166.250(2)(b), therefore, suggests that the legislature intended the exception to the prohibition against carrying an unlicensed concealed weapon "within the person's * * * place of business" to apply to only the owner of the "place of business."

The historical background of ORS 166.250 and related statutes regulating the carrying of concealed weapons provide further context that is useful in determining legislative intent regarding the scope of the "place of business" exception. *See Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 322 Or 406, 908 P2d 300 (1995) (relying on historical context of statute to determine legislative intent). Two aspects of the statutory scheme support the conclusion that

---

[3] Ballentine's *Law Dictionary* includes several definitions of the word "clerk":

"[A]n assistant in a shop or store who sells goods, keeps accounts, etc. * * * a person in the employ of a merchant, who attends to any part of his business, while the merchant himself superintends the whole; or a person employed in an office to keep accounts or records. * * * In business law, an assistant employed to aid in any business, mercantile or otherwise, subject to the advice and direction of his employer."

Ballentine, *Law Dictionary* at 224 (internal citations omitted).

[4] "A clerk is not a 'person carrying on a business.'" Irving Browne, *Legal Recreations: Judicial Interpretations of Common Words and Phrases* 56 (1883).

[5] That definition continues as follows:

"*When a man keeps a store*, shop, counting-room, or office, independently and distinctly from all other persons, *that is deemed his place of business*; and when he usually transacts his business at the counting-house, office, and the like, occupied and used by another, that will also be considered his place of business, if he has no independent place of his own. But when he has no particular right to use a place for such private purpose, as in an insurance-office, an exchange room, a banking room, a postoffice, and the like, where persons generally resort, these will not be considered as the party's place of business, although he may occasionally or transiently transact business there."

Rawle, *Bouvier's Law Dictionary* at 2596 (emphasis added).

the "place of business" exception was intended to apply to one who owns a business and not to an employee of a business. First, the sequence of legislation that led to the 1925 enactment of what is now ORS 166.250(2)(b) suggests that the exception to the comprehensive prohibition of concealed weapons was intended to be a narrow one. In 1885, the legislature enacted a statute making it unlawful for any person to carry a concealed weapon. Or Laws, p 33, § 1 (1885). That law provided a limited exception for law enforcement officials only[6] and included not only firearms, but also "any instrument by the use of which injury could be inflicted upon the person or property of any other person." *Id.* In 1917, the legislature passed a law similar to the 1885 law, but did not repeal the 1885 law.[7] Or Laws 1917, ch 377, § 1. The 1917 law provided, in part:

> "No person shall carry in any city, town or municipal corporation of this State any pistol, revolver or other firearm concealed upon his or her person, or of a size which may be concealed upon his or her person, without a license or permit therefor * * *."

The 1917 law made an exception, similar to that in the 1885 law, for "sheriffs and their deputies, constables, marshals, police officers, [and] any other duly appointed police officers * * *." *Id.* The 1917 statute was narrower in some respects than the 1885 law in that it applied to only firearms and was limited to cities, towns, and municipal corporations. However, it was broader in other respects, because it included not only concealed firearms, but also firearms capable of being concealed. That 1917 statute also allowed a person to carry such a weapon if the person obtained a permit. In 1925, the statute now codified as ORS 166.250 superseded the 1917 law.[8]

---

[6] "Nothing in this act shall be construed to apply to any sheriff, constable, police, or other peace officer, whose duty it is to serve process or make arrests." Or Laws, p 33, § 3 (1885).

[7] The 1885 law is now codified at ORS 166.240, although it has been modified substantially.

[8] As noted, the 1925 version of that statute, currently codified at ORS 166.250, did not repeal the 1917 law. The legislature repealed that statute during the next session. Or Laws 1927, ch 154, § 1. Also, despite several amendments, ORS 166.250 remains substantively unchanged in regard to applying the "place of business" exception.

That history demonstrates the legislature's ongoing concern with concealed weapons up to 1925. First, in 1885, the legislature imposed an outright ban on the carrying of concealed weapons by persons other than law enforcement officers. By later enactment, the legislature allowed for the carrying of concealed weapons on receiving a license. The 1925 statute created an exception to the general license requirement for persons in their place of residence or place of business. Those statutes, read together, reveal the intent of the legislature to carve out a limited and specific exception to the requirement of obtaining a license to carry a concealed weapon. Construing the "place of business" exception to apply to employees as well as to owners of businesses would defeat the legislature's intent, because such a construction would allow any person with a job to carry a concealed weapon on the job without a license. We agree with the state that it is not likely "that the legislature first would have banned nearly all unlicensed carrying of concealed weapons and then, only eight years later, would create an exception for every person who had some kind of job—an exception so broad that it would swallow the general prohibition."

A second aspect of ORS 166.250(2)(b) also supports the conclusion that the "place of business" exception does not apply to the place where a nonowner employee works. As part of the 1925 law that created the "person's * * * place of business" exception, the legislature created several other exceptions to the license requirement. Or Laws 1925, ch 260, § 6, *former* OC 72-206, *renumbered as* ORS 166.260 (1953).[9]

---

[9] ORS 166.260 provides:

"(1) ORS 166.250 does not apply to or affect:

"(a) Sheriffs, constables, marshals, police officers, whether active or honorably retired, parole and probation officers or other duly appointed peace officers.

"(b) Any person summoned by any such officer to assist in making arrests or preserving the peace, while said person so summoned is actually engaged in assisting the officer.

"(c) The possession or transportation by any merchant of unloaded firearms as merchandise.

"(d) Active or reserve members of the Army, Navy, Air Force, Coast Guard or Marine Corps of the United States, or of the National Guard, when on duty.

Those exceptions cover, among other persons, law enforcement officials (ORS 166.260(1)(a)), members of the military when on duty (ORS 166.260(1)(d)), and sellers of firearms, as to firearms possessed as merchandise (ORS 166.260(1)(c)). If the "place of business" exception extended to any person at his or her place of employment, then there would be no need for some of those exceptions. The fact that the legislature enacted an exception, for example, that permits a merchant of firearms to possess unloaded weapons as merchandise demonstrates that the legislature did not intend that the place of business exception permit an employee of a business to possess a concealed weapon at work, unless the employee has a concealed weapon license.

For the reasons set out above, we hold that the "place of business" exception in ORS 166.250(2)(b) applies to only the owner of a business. We reject defendant's argument to the contrary.

■ Defendant also argues that his conviction violates certain provisions of the state and federal constitutions. First, he argues that his conviction infringes on his right to

---

"(e) Organizations which are by law authorized to purchase or receive weapons described in ORS 166.250 from the United States, or from this state.

"(f) Duly authorized military or civil organizations while parading or the members thereof when going to and from the places of meeting of their organization.

"(g) A corrections officer while transporting or accompanying an individual convicted of or arrested for an offense and confined in a place of incarceration or detention while outside the confines of the place of incarceration or detention.

"(h) A person who is licensed under ORS 166.291 and 166.292 to carry a concealed handgun.

"(2) Except for persons who are otherwise prohibited from possessing a firearm under ORS 166.250(1)(c) or 166.270, ORS 166.250 does not apply to or affect:

"(a) Members of any club or organization, for the purpose of practicing shooting at targets upon the established target ranges, whether public or private, while such members are using any of the firearms referred to in ORS 166.250 upon such target ranges, or while going to and from such ranges.

"(b) Licensed hunters or fishermen while engaged in hunting or fishing, or while going to or returning from a hunting or fishing expedition.

"(3) The exceptions listed in subsection (1)(b) to (h) of this section constitute affirmative defenses to a charge of violating ORS 166.250."

bear arms, as guaranteed by Article I, section 27, of the Oregon Constitution and by the Second Amendment to the United States Constitution.[10] As the state notes, defendant does not contend that the requirement in ORS 166.250(1)(a) that a person obtain a license to carry a concealed weapon violates those provisions. The Court of Appeals stated:

> "As a logical matter, if the general prohibition against possessing a concealed firearm without a license is constitutional, then it follows that ORS 166.250(2)(b), which allows greater freedom to possess firearms, cannot be unconstitutional."

165 Or App at 351. We agree.

■  Defendant also argues that an interpretation of ORS 166.250(2)(b) that excludes him from that exception violates the privileges and immunities clause of Article I, section 20, of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[11] Although defendant concedes that, as a nonowner employee of a business, he is not a member of a suspect class, he argues that the Court of Appeals' conclusion that "it is rational for the legislature to generally require Oregon citizens * * * to obtain a license, while * * * allowing business owners to possess a weapon at their place of business," 165 Or App at 352, is wrong when applied to the facts of this case. Defendant, however, does not articulate any specific reason to support his assertion that the Court of Appeals' conclusion

---

[10] Article I, section 27, of the Oregon Constitution provides:

"The people shall have the right to bear arms for the defence (sic) of themselves, and the State, but the Military shall be kept in strict subordination to the civil power[.]"

The Second Amendment to the United States Constitution provides:

"A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

[11] Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

The Fourteenth Amendment to the United States Constitution provides, in part:

"[No State shall] deny to any person within its jurisdiction the equal protection of the laws."

is wrong. Again, we agree with the Court of Appeals. Our discussion of ORS 166.250 demonstrates that the legislature intended to create licensing requirements, with exceptions, for the possession of concealed weapons. Drawing a distinction between business owners and employees for purposes of one of the exceptions to the license requirement is not irrational.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.