PER CURIAM
*785 Defendant appeals a judgment of conviction for unlawful possession of a firearm, ORS 166.250(1)(a),[1] in particular, knowingly carrying a firearm concealed upon his person. Defendant assigns as error the trial court's rejection of his request to instruct the jury on the exception to that offense when a person possesses a firearm at the person's "place of residence," ORS 166.250(2)(b).[2] Police encountered defendant in a garage that was "detached" from the main residence but connected by a "breezeway" three to four feet wide underneath a roof. The garage had within it chairs and a table so that residents and guests could use it as a place to "hang out" and was considered an "extension" of the house's living areas. Defendant was living as a guest in the residence.
Below, the state argued that the exception did not apply to the garage because it was not a "place of residence" and that, in any event, the "place of residence" exception does not apply to unlawful possession of a firearm by concealment upon a person. On appeal, however, the state concedes that, under State v. Perry , 165 Or. App. 342, 996 P.2d 995 (2000), aff'd , 336 Or. 49, 77 P.3d 313 (2003), the "place of residence" exception applies to unlawfully carrying a concealed firearm. That is, because we held in Perry that ORS 166.250(2)(b)"provides an exception the statutory prohibition in ORS 166.250(1)(a) against carrying a concealed firearm for persons who do so in the place of business," 165 Or. App. at 348, 996 P.2d 995, the exception in ORS 166.250(2)(b) similarly *786 applies to ORS 166.250(1)(a) when the concealment of the firearm is in a "place of residence." Further, the state also concedes that, viewing the record in the light most favorable to defendant, there was sufficient evidence in *541 the record for a jury to conclude that the garage was used as part of the residence. We agree that defendant's requested instruction correctly stated the law applicable to his defense theory, see State v. Barnes , 329 Or. 327, 334, 986 P.2d 1160 (1999), and accept the state's concession.
Further, we conclude that the instructional error was not harmless. Failing to instruct the jury on the exception deprived defendant of that defense, and, had the jury been given the instruction, there is some likelihood that it would have reached a different verdict. See State v. Davis , 336 Or. 19, 35, 77 P.3d 1111 (2003) (stating harmless error standard).
Reversed and remanded.

ORS 166.250(1) provides, in relevant part:
"Except as otherwise provided in this section ***, a person commits the crime of unlawful possession of a firearm if the person knowingly:
"(a) Carries any firearm concealed upon the person[.]"

ORS 166.250(2)(b) provides:
"Any citizen of the United States over the age of 18 years who resides in or is temporarily sojourning within this state, and who is not within the excepted classes prescribed by ORS 166.270 and subsection (1) of this section, from owning, possessing or keeping within the person's place of residence or place of business any handgun, and no permit or license to purchase, own, possess or keep any such firearm at the person's place of residence or place of business is required of any such citizen. As used in this subsection, 'residence' includes a recreational vessel or recreational vehicle while used, for whatever period of time, as residential quarters."