452          July 29, 2014          No. 57

## IN THE OREGON TAX COURT
## REGULAR DIVISION

WASHINGTON COUNTY ASSESSOR,
*Plaintiff,*

*v.*

CHRIST GOSPEL CHURCH OF PORTLAND,
*Defendant.*

(TC 5169)

Plaintiff Washington County Assessor (the county) appealed from a Magistrate Division decision as to exemption of real property owned by Defendant (taxpayer). The magistrate had ruled that recently enacted provisions of ORS 307.162 that allowed first-time filers for exemption to make such filing "for the five years prior to the current tax year" applied in that case. Because taxpayer was a first-time filer for property tax exemption, the magistrate had determined that taxpayer's application for exemption, accompanied as it was by the appropriate late filing fee, should not have been rejected by the county as untimely. The county had argued that the only years that would be affected by a proper claim were years in or after the 2011-12 tax year. Granting taxpayer's cross-motion for summary judgment, the court ruled that the 2011 legislation meant the retrospective time period indicated an intent of the legislature about the meaning of the effective date for the 2011 legislation and that the intent was that the time period for relief should parallel or be coterminous with the time period within which an assessor can add property to the rolls where no otherwise timely claim for exemption had been filed.

Oral argument on cross-motions for summary judgment was held by telephone on February 11, 2014.

Brad Anderson, Washington County Counsel, Hillsboro, filed the motion and argued the cause for Plaintiff (the county).

Elisabeth S. Shellan, Stoel Rives LLP, Portland, filed the cross-motion and argued the cause for Defendant (taxpayer).

Decision for Defendant rendered July 29, 2014.

**HENRY C. BREITHAUPT, Judge.**

### I.   INTRODUCTION

This property tax exemption case is before the court on cross-motions for summary judgment filed by Plaintiff (the county) and Defendant (taxpayer). The facts are established by a stipulation of the parties. The year in question is the 2010-11 tax year.

## II.   FACTS

The 2010-11 tax year (tax year) is the only tax year at issue between the parties. Mosaic Covenant Church (Mosaic) applied for and was granted property tax exemption for the 2008-09 tax year in March of 2008 on the portion of the property it used at 161 NW Adams Avenue, Hillsboro, Oregon (the property). In January 2010, taxpayer entered into an agreement with Mosaic to sub-lease the property for the period January 15, 2010 through April 30, 2011. Neither party to the sub-lease notified the county. On February 8, 2010, the county terminated the exemption because Mosaic had vacated the premises.

Unbeknownst to the county, Garner Green LLC, the property management company for the property, told taxpayer to "get its exemption paperwork in order." Taxpayer applied for and received federal tax exemption status under IRC § 501(c)(3) of the Internal Revenue Code of 1986, as amended, and supplied the property management company with its determination letter from the Internal Revenue Service. Taxpayer believed that all necessary tax exemption paperwork had been completed, unaware that a separate exemption application with the county was required to obtain a property tax exemption for the property.

In October of 2010, taxpayer entered into a lease directly with the property's owner for the period of May 1, 2011 through April 30, 2012. Neither party to the lease notified the county of the lease.

In early February 2012, taxpayer was contacted by Garner Green LLC and was told it owed Garner Green LLC "back taxes" for the tax year and the 2011-12 tax year. Also in early February 2012, a representative of taxpayer contacted the county and asked about obtaining a property tax exemption for the property for the tax year and the 2011-12 tax year. On March 9, 2012, taxpayer submitted an application for exemption for the property, together with late filing fees, for the tax year and the 2011-12 tax year. The county denied the exemption for both tax years.

The parties agree that if taxpayer had applied for an exemption for the tax year on or before December 31,

2010, it would likely have been granted exemption under either ORS 307.130 or ORS 307.140. The county does not contest that taxpayer, as an entity, meets the requirements for exemption under ORS 307.130 and ORS 307.140, or that taxpayer's sublease and lease meet the requirements for exemption under ORS 307.112 and ORS 307.166. When taxpayer applied for exemption on March 9, 2012, it had never filed a previous claim for exemption for the property, and had never received a notice from the county regarding any potential property tax liability of the property.

In proceedings before the Magistrate Division, the magistrate determined that recently enacted provisions of ORS 307.162 that allowed first-time filers for exemption to make such filing "for the five years prior to the current tax year" applied in this case. *Christ Gospel Church of Portland v. Washington County Assessor*, TC-MD No 120512D at 7 (Jan 7, 2013). Those provisions were added to ORS 307.162 by Oregon Laws 2011, chapter 655 (the 2011 Legislation). Because taxpayer was a first-time filer for property tax exemption, the magistrate determined that taxpayer's application for exemption, accompanied as it was by the appropriate late filing fee, should not have been rejected by the county as untimely. *Id.* The county appeals from that decision.

## III.   ISSUE

The issue is the proper reading of the effective date provisions of the 2011 Legislation.

## IV.   ANALYSIS

To begin with, the parties agree that no issue exists in this case regarding qualification for exemption other than whether the claim for exemption was timely under the 2011 Legislation. The parties also agree that this issue is solely a matter of the construction of the effective date provisions of the 2011 Legislation.

The effective date provision of the 2011 Legislation states that the amendments made by the legislation "apply to property tax years beginning on or after July 1, 2011."

The 2011 Legislation, § 4. In considering this language it is helpful to remember that a property tax year is a period of 12 months beginning on July 1. ORS 308.007(1)(c).[1]

The problem in this case is that the relief contained in the substantive provisions of the 2011 Legislation necessarily refers to, or takes into account, two years. The first would be the year *in which* the claim for exemption contemplated by the legislation is made. The second would be the year *for which* the claim for exemption is made.

The construction of the effective date provision offered by the county is that the property tax year beginning July 1, 2011, is the first year *for which* exemption is available under the legislation.[2] As the year for which exemption is claimed in this case is the year beginning July 1, 2010, the county concludes that the 2011 Legislation offers no relief to taxpayer.

The construction offered by taxpayer is that the property tax year beginning July 1, 2011, is the first year *in which* a claim for exemption provided by the legislation may be made. Taxpayer made such a claim in that tax year. Taxpayer then applies the substantive provisions of the legislation that allow a claim of exemption for any of the five tax years prior to the "current tax year" of 2011-12. One of those five years is the year in controversy here, namely the 2010-11 tax year.

The question is therefore one of statutory construction. As the Supreme Court has directed in such cases, the court has considered the text, context and legislative history of the 2011 Legislation. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993); *State v. Gaines*, 346 Or 160, 164-69, 206 P3d 1042 (2009). In doing so, the court has applied the construction offered by each party to possible factual occurrences to consider how the statute would operate under the competing constructions.

---

[1] Except as otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2009 edition.

[2] Both parties agree the tax year beginning July 1, 2011, would be the first year in which a claim for exemption would be permitted under the 2011 Legislation.

To begin with, the court observes that prior to the 2011 Legislation, if substantive requirements were satisfied, exemption was available where:

(1)   Claim was made on or before April 1 of the tax year preceding the tax year for which exemption was claimed (ORS 307.162(1));

(2)   Claim was made on or before December 31 of the tax year for which exemption was claimed and a late filing fee was paid (ORS 307.162(2)(a)(A)); or

(3)   Claim was made on or before April 1 of the tax year for which exemption was claimed, and the claimant both paid a late filing fee and demonstrated status as a first time filer or public entity (ORS 307.162(2)(a)(B)).

Under this regime, which the legislature had repeatedly extended in favor of taxpayers, claim for exemption could occur over a year-long period beginning on the April 1 preceding the tax year for which exemption was claimed and extending to the April 1 falling within such year—that is, within one year following the earliest of the application dates.[3]

The effect of the substantive amendments made by the 2011 Legislation was to further extend the time period within which certain first time filers and government entities could, if a late filing fee was paid, claim exemption.

The claim extension was not to a fixed date, as had been the approach when the earlier claim extensions found in ORS 307.162(2)(a)(A) and (B) had been adopted. Rather the time for a claim was extended to "at any time," unless the assessor had mailed to the applicant a notice of additional taxes being due. ORS 307.162(2)(b)(A)(ii) *as amended by* the 2011 Legislation. In the event of such a notice, the claim deadline was extended to 60 days following the date of mailing of such a notice. ORS 307.162(2)(b)(A)(i) *as amended by* the 2011 Legislation.

---

[3] A claim could be made prior to April 1 of the year prior to the year for which the claim was made, but the claim had to be made no later than that April 1 date if late filing fees were to be avoided.

Further, the years affected by the claim for exemption were extended. The claims would not just apply to either the upcoming or current tax year, as allowed by prior statutes. Rather, they could apply for up to "five tax years prior to the current tax year." The starting point for the calculation was therefore the tax year in which the claim was made. ORS 307.162(2)(b)(A) *as amended by* the 2011 Legislation.

The "current tax year" is, however, not the focus of the substantive exemption. Rather, it begins a measuring period needed to define the years to which a substantive claim for exemption may be made.

In the opinion of the court, this retrospective time period indicates an intent of the legislature about the meaning of the effective date for the 2011 Legislation. The intent was that the time period for relief should parallel or be coterminous with the time period within which an assessor can add property to the rolls where no otherwise timely claim for exemption has been filed. Under ORS 311.216, the same five-year retrospective period, measured from the current year, is defined as the period for which an assessor can add property to the rolls and, having corrected the rolls, extend on the roll additional taxes under ORS 311.206. The relief offered by the 2011 Legislation should extend back to the same period.

Indeed, the 2011 Legislation makes specific reference to "additional taxes owing under ORS 311.206." It is notice of that occurrence that is used to define one of the two time periods within which a claim for exemption may be made under the 2011 Legislation.[4] *See* ORS 307.162(2)(b)(A)(i) *as amended by* the 2011 Legislation.

The court is of the opinion that this linkage of the exemption claim process to the potential action of assessors in asserting tax liabilities for property where no exemption claim has been made is decisive. It demonstrates that the legislature intended its relief provisions to be available as a defense (at least in those cases where an assessor first

---

[4] The other time period is the indefinite "any time" contained in the legislation for cases in which an assessor's notice is not issued.

acted) to the same years exposed under the omitted property statutes to additional assessments.

The legislature is considered to have been aware of the omitted property retrospective period. In fashioning a relief provision using a reference to the very same roll correction and omitted property regime, the legislature was, in the opinion of the court, providing a defense that would be co-extensive to the potential threat to a taxpayer.

That intent, however, can only be fulfilled if the effective date provisions are read as taxpayer here suggests. That is, a defense effective for up to five years prior to the 2011-12 tax year is available, if, as the parties here agree, the other requirements of the 2011 Legislation are met. The reading suggested by the county would leave taxpayers exposed to as many as five years of omitted property assessment, measured back from the 2011-12 year, without any defense. That is inconsistent with the text and context of the 2011 Legislation.

This case is not one where the assessor issued a notice to which taxpayer responded within the allowed time. However, the resolution of the effective date argument must take into account both such cases, and a case such as this one where taxpayer files before receiving notice from the assessor.

In addition, the construction of the effective date of the statute offered by the county creates a result that can easily be described as questionable. The county argues that the only years that may be affected by a proper claim are years in or after the 2011-12 year. Stated differently, the county argues that those are the only years for which exemption may be claimed under the 2011 Legislation.

However, the 2011 Legislation substantively provides that claims under ORS 307.162 may only be made for "tax years prior to the current tax year." ORS 307.162(2)(b)(A). In the context of the argument of the county, that statutory provision would mean that an otherwise proper claim for exemption made between July 1, 2011 and June 30, 2012, could not apply to any year. It could not apply to any year prior to the 2011-12 year under the county

argument. Nor could it apply to the 2011-12 year under the substantive provisions limiting relief to "prior" years.

Further, relief claimed in the 2012-13 tax year could only apply to one prior year—the preceding tax year. This cascade would continue until the five-year relief language of the 2011 Legislation would not become a reality except for claims made in the 2016-17 tax year.

There is nothing in the text or context of the 2011 Legislation upon which such a strained result can be based. The legislature in other areas has provided for sequential benefit provisions. *See, e.g.*, HB 3601, § 4 (2013). It did not do so here. Nonetheless the county argues that its construction of the effective date provision is supported by the legislative history of the 2011 Legislation.

The county contends that certain testimony of a proponent of the 2011 Legislation indicates that the benefits of the legislation cannot extend to years prior to the 2011-12 tax year when a claim is filed in or after the 2011-12 tax year. That testimony related to a problem, of the type addressed in the 2011 Legislation, that had occurred in the past for a taxpayer in the legislative district of the witness. A user of property had failed to timely claim exemption and the assessor had notified the user that the property was not exempt by reason of the procedural failure to make a claim. At the time of the notice, none of the existing extensions of time for filing a claim for exemption were available to the taxpayer.

The testimony of the witness upon which the county relies was to the effect that the 2011 Legislation would not help that unfortunate taxpayer because, in the words of the witness, the 2011 Legislation "is prospective, it goes forward rather than backward."

The problem with the reliance of the county on this testimony is that acceptance of the position of taxpayer here does not conflict with the testimony. This is because in the case described by the witness, the witness indicated that the taxpayer had in fact received a notice from the assessor and could not file a claim under the statutes then in force. The provision of the 2011 Legislation upon which the

unfortunate taxpayer would have to rely is the provision permitting a filing within 60 days of adverse notice from the assessor.

The testimony upon which the county relies related only to a situation where an assessor had taken action and notified a taxpayer of that action, all prior to the effective date of the 2011 Legislation and prior to July 1, 2011. It did not deal with the problem that exists here—one that is based on occurrences and actions taken after both the effective date of the statute and after July 1, 2011.

## V.  CONCLUSION

For the foregoing reasons the motion of taxpayer is granted and that of the county is denied. Costs awarded to taxpayer. Now, therefore,

IT IS ORDERED that Defendant's cross-motion for summary judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.