Argued and submitted June 18, affirmed August 4, 1982

STATE OF OREGON,
*Respondent,*
*v.*
JAMES WASHINGTON WILLIAMS,
aka Jerry Leroy Washington,
*Appellant.*

(No. C 81-06-33134, CA A23058)

648 P2d 1354

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Kay Kiner James, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from his conviction for the crime of robbery in the third degree. ORS 164.395. His sole assignment of error is the trial court's denial of his motion for a judgment of acquittal.

The issue presented is one of first impression in this state. The essential facts are not in dispute.

Jane Bouffard, the victim, at aproximately 3:35 p.m., got onto the elevator in her office building in Portland, with defendant and another woman. When they reached the fourth floor, the other woman got off, leaving Bouffard and defendant alone in the elevator. As the elevator continued its ascent, defendant shut it off by pushing the "stop" button while it was between the fourth and fifth floors. Defendant then "grabbed" for Bouffard's purse, which she was then holding under her arm, and said, "Give me that." Bouffard replied, "No," clasped her purse in front of her with both hands and began to scream. Defendant pulled on Bouffard's purse again, but she would not let go and she continued to scream. Defendant did not touch any part of Bouffard's body.

The victim testified as follows on direct examination:

"MR. CARLSEN: Would you demonstrate for the jurors how you were holding the purse at that time?

"MS. BOUFFARD: I had the purse tucked under my arm like this.

"Q: How did he grab it?

"A. He grabbed it from both sides.

"Q. Okay, and how did you — what — show the jurors what happened with your purse?

"A. Oh okay. It was under my arm, and he went and grabbed for it with both his arms in this direction, and I immediately clasped it in front of me. I'm not exactly sure if I had my arms crossed, but I know I held it in front of my chest and I know I held on tight because he couldn't get it off of me.

"The first time he said, 'give me that,' and I said 'no' and started to scream, and he pulled again.

" * * * * *

"Q: Did he say anything else to you other than, 'give me that' at that time?

"A: Not at that time he didn't. All he said was, 'give me that,' and he pulled twice.

" * * * * *

"Q: Yeah, if you just continue with what happened.

"A: Then he backed off after that not being able to get it. * * *"

Defendant then said he was sorry and unsuccessfully attempted to start the elevator. Bouffard thereupon pulled the "stop" button herself, which restarted the elevator.

Bouffard got off the elevator at the seventh floor and burst out crying as she ran to her office. Defendant followed her, apologized for his actions and stated, "I thought you were one of my women." When a co-worker asked her what had happened, Bouffard replied, "He tried to take my purse." She then went to her office, where she sat down and continued to cry.

Defendant entered Bouffard's office and stated several times, "I'm sorry. I thought you were somebody else. It was a mistake." Bouffard told defendant to leave her alone, and he subsequently left the building. He was later apprehended in a public restroom nearby.

The thrust of defendant's argument on appeal is that by the weight of authority in this country, purse snatching *per se* is not robbery, citing decisions from several jurisdictions to that effect. The state's position is that whether purse snatching involves sufficient force to constitute robbery is a jury question. The state also contends that the bare act of snatching a purse constitutes third degree robbery.

We first direct our attention to the statute involved here, ORS 164.395, which provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

"(2) Robbery in the third degree is a Class C felony."

We have found no case, nor has any been called to our attention, where an Oregon appellate court has discussed whether "purse snatching" involves sufficient force to constitute third degree robbery. As we indicated in *State v. Dillman*, 34 Or App 937, 941, 580 P2d 567, *rev den* 285 Or 195 (1979),

" * * * the gravamen of the robbery offense is the threat of harm to persons. * * * Also the degree of robbery varies according to the severity of the threat or danger of harm to the person, not according to the value of the property * * *. Thus, it appears that the legislature intended that the assault aspect of the crime of robbery be dominant * * *."

■ We conclude that defendant's actions as shown by the undisputed evidence was more than sufficient to permit the jury to find that defendant used

" * * * physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property * * *; or

"(b) Compelling the owner of such property * * * to deliver the property * * *."

While there is authority to support defendant's contention, we believe that the better-reasoned cases argue for the view that we adopt. *See Commonwealth v. Jones*, 362 Mass 83, 283 NE2d 840 (1972); *State v. Clokey*, 89 NM 453, 553 P2d 1260 (1976); *Walton v. State*, 64 Wis 2d 36, 218 NW2d 309 (1974); *Commonwealth v. Davis*, 7 Mass App 9, 385 NE2d 278 (1979); *Commonwealth v. Brown*, 2 Mass App 883, 318 NE2d 486 (1974); *Williams v. State*, 7 Md App 683, 256 A2d 776 (1969), *cert den* 257 Md 737 (1970).

■ We do not accept the state's alternate position that a purse snatching constitutes third degree robbery in every case. Here the evidence presented at the trial was sufficient to permit a jury to have found that defendant used force with the intention of preventing or overcoming the victim's resistance. Such force is sufficient to constitute third degree robbery.

Affirmed.