Argued and submitted May 22 at Spanish English International School, Portland; affirmed September 12, petition for review denied November 1, 2007 (343 Or 366)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## HERBERT RAY JOHNSON, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
05C46599; A129667

168 P3d 312

Bronson D. James, Deputy Public Defender, argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jennelle Meeks Barton, Deputy Defender, Office of Public Defense Services.

Ryan P. Kahn, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Michael C. Livingston, Assistant Attorney General.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals a judgment of conviction for robbery in the third degree, ORS 164.395, raising two assignments of error. He first argues that the state presented insufficient evidence of physical force to allow a reasonable jury to find him guilty of robbery in the third degree and, therefore, that the trial court erred in denying his motion for a judgment of acquittal. He also argues that his juvenile adjudications should not have been used in determining his criminal history score for sentencing purposes. We affirm.

The facts are undisputed. At approximately 11:00 p.m. on a late spring evening, the 86-year-old victim drove home from her weekly bingo night and parked her car in the outdoor parking area of her triplex. She carried her purse by its strap over her left shoulder; she also held a vase full of flowers with her left arm. She carried snacks and her cane in her right hand. As she climbed the stairs to her home, she "thought [she] was losing" her purse and "felt [her] arm slip." She reached up to put her purse back and then saw someone running away with her purse and flowers. The victim testified that she did not feel a tug or "much of anything." She said, "I couldn't really feel it. He was so fast I couldn't feel it until he was running past the fence[.]" Defendant was apprehended nearby with the purse and flowers. He was charged with robbery in the third degree and convicted after a jury trial.

As noted, defendant first assigns error to the denial of his motion for a judgment of acquittal on the ground that there was insufficient evidence of physical force to support a conviction for robbery in the third degree under ORS 164.395. ORS 164.395 provides, in part:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft * * * the person uses * * * physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking[.]"

We review to determine whether, considering the undisputed facts and drawing all reasonable inferences in the state's favor, a reasonable factfinder could have found, beyond a reasonable doubt, that defendant used physical force on the victim with the intent of overcoming her resistance to the taking of her property. *See State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998); *State v. Perry*, 165 Or App 342, 345, 996 P2d 995 (2000), *aff'd*, 336 Or 49, 77 P3d 313 (2003).

Defendant contends that, because the victim was unaware that her property had been taken until after it was gone, defendant necessarily did not apply force to the victim that was meant to overcome her resistance. Defendant may have used force on the purse itself, he posits, but he did not use force on the victim, as the statute requires. Accordingly, in defendant's view, there was no evidence of physical force as required to prove robbery in the third degree, and the case should not have gone to the jury.

The state responds that the evidence was sufficient to permit the jury to find that, although the victim was not at the time aware that defendant was the cause, she was aware of the effect of the force that defendant applied to remove her purse because, in response to that force, she acted to prevent the removal of her purse by reaching up to put it back. In addition, the state contends that the focus of the statute is not on whether the victim resists, but on whether a defendant uses force with the intent of countering any resistance by the victim. Here, there is evidence that permitted the jury to infer that defendant pulled the purse off the victim's shoulder very quickly because he wanted to prevent any possible resistance by the victim. According to the state, use of force against a victim with that intent is sufficient to support a conviction under ORS 164.395.

Both parties rely on our opinion in *State v. Williams*, 58 Or App 398, 648 P2d 1354 (1982), in which the defendant was similarly convicted of robbery in the third degree in the context of a purse-snatching incident. In *Williams*, the defendant stopped an elevator in which he and the victim were riding and then grabbed her purse; a tug-of-war over the purse ensued. *Id.* at 400-01. As in this case, the defendant in *Williams* did not directly touch the victim but, on the other

hand, in contrast to this case, the victim in *Williams* was contemporaneously aware that the defendant was applying force to her purse. The defendant was charged with robbery in the third degree under a former version of ORS 164.395 that is essentially identical to the current version; at trial he moved for a judgment of acquittal, and the trial court denied the motion.

On appeal, the defendant argued that purse snatching *per se* is *not* robbery, while the state argued that purse snatching *per se is* robbery. *Id.* at 401. We accepted neither of those absolute positions, but rather agreed with the state's alternative argument that there was sufficient evidence in that case to permit the jury to find that the defendant had used force as required by ORS 164.395. In the instant case, defendant attempts to distinguish his case on its facts from *Williams*. The state, on the other hand, seems to suggest that *Williams* held that whether a defendant has used the requisite force under ORS 164.395 is always a jury question. Neither approach is particularly illuminating.

In *Williams*, we concluded that the evidence was "more than sufficient" to permit the jury to find that the defendant had used force as contemplated by ORS 164.395. *Id.* at 402. Although the facts of this case may be distinguishable from those in *Williams*, they still may be sufficient to permit the jury to find the requisite force. On the other hand, nothing in *Williams* suggests that the question of force under ORS 164.395 always must go to the jury.

We turn, then, to ORS 164.395 itself and the facts of this case. As pertinent here, for there to be a jury issue under ORS 164.395, there must be evidence that defendant "use[d] * * * physical force upon another person" with the intent of "[p]reventing or overcoming resistance to the taking of the property * * *." The statute requires that force must be used on the victim. However, the statute does not focus on the extent to which the victim may or may not have felt the force, but rather on the perpetrator's intent, while using force on the victim, that any resistance that the victim might offer be prevented or overcome. For example, a perpetrator could "prevent" a victim's resistance by acting so swiftly that the

victim does not have time to resist, *i.e.*, by taking the victim's property so quickly that resistance is futile.

Here, the jury reasonably could infer that defendant used force on the victim in order to obtain her possessions: her purse was on her shoulder and the vase of flowers was in her arm, and there is no suggestion that she willingly relinquished them. Furthermore, the victim testified twice that the incident happened very quickly. That testimony is consistent with her general description of the incident: the victim felt that she was losing her purse and, as soon as she turned to retrieve it, she saw defendant running away with it. We agree with the state that, in those circumstances, the jury was entitled to infer that defendant intended to use force sufficient to overcome any resistance that the victim may have offered had she had more time to react and that defendant intended to use force sufficient to prevent resistance. The trial court did not err in denying defendant's motion for judgment of acquittal.

Defendant also argues that his juvenile adjudications should not have been used in determining his criminal history score for sentencing purposes. The asserted error was not preserved. To the extent that the error might be plain, we would not exercise our discretion to correct the error because it appears that defendant has already served his sentence and so the interests of justice would not be served by resentencing.

Affirmed.