**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

EDDIE RAY STRICKLAND, JR.,
*Defendant-Appellant.*

No. 14-30168

D.C. No.
3:11-cr-00310-MO-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submission Deferred November 4, 2015
Submitted June 26, 2017
Portland, Oregon

Filed June 26, 2017

Before: Alex Kozinski, Raymond C. Fisher
and Paul J. Watford, Circuit Judges.

Opinion by Judge Kozinski

## SUMMARY[*]

### Criminal Law

Vacating a sentence and remanding, the panel held that third degree robbery under Oregon law is not a violent felony for purposes of the Armed Career Criminal Act because the term "physical force" as used in the Oregon statute is not coextensive with the term's use in the ACCA.

### COUNSEL

Kevin W. Bons (argued) and Kelly R. Beckley, Beckley & Bons P.C., Eugene, Oregon, for Defendant-Appellant.

Amy Potter (argued), Assistant United States Attorney; Kelly A. Zusman, Appellate Chief; Billy J. Williams, United States Attorney; United States Attorney's Office, Eugene, Oregon; for Plaintiff-Appellee.

Elizabeth G. Daily, Research & Writing Attorney; Stephen R. Sady, Chief Deputy Federal Public Defender; Office of the Federal Public Defender, Portland, Oregon; as and for Amicus Curiae Federal Public Defender.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

KOZINSKI, Circuit Judge:

We consider whether a conviction for third degree robbery under Oregon law is a violent felony for purposes of the Armed Career Criminal Act (ACCA).

## BACKGROUND

Defendant Eddie Ray Strickland pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to fifteen years in prison. This was the mandatory minimum sentence under the ACCA. *Id.* § 924(e)(1). The district court found that the ACCA applied because Strickland had three prior violent felony convictions. Strickland objected to the district court's determination that his Oregon conviction for third degree robbery was a violent felony and thus an ACCA predicate offense. He appeals, arguing that he should be resentenced.

## ANALYSIS

The ACCA sets a mandatory minimum sentence of fifteen years for violations of section 922(g) when the defendant has three prior convictions "for a violent felony or a serious drug offense." *Id.* § 924(e)(1). The statute defines a "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force

against the person of another [*force clause*]; or

(ii) is burglary, arson, or extortion, involves use of explosives [*enumerated felonies clause*], or otherwise involves conduct that presents a serious potential risk of physical injury to another [*residual clause*] . . . .

*Id.* § 924(e)(2)(B) (emphasis added). The three clauses in the statute provide independent ways for a prior conviction to qualify as a violent felony. The district court determined that Strickland's third degree robbery conviction satisfied only the residual clause; it expressly rejected the government's argument based on the force clause, and robbery isn't an enumerated felony. After Strickland was sentenced, however, the Supreme Court held in *Johnson* v. *United States* that the residual clause of the ACCA was unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015). Therefore, it cannot serve as the predicate for Strickland's sentence.

The government argues that we should nevertheless affirm Strickland's sentence because his third degree robbery conviction is a predicate offense under the force clause. We thus examine whether the state offense satisfies the force clause's requirements.

We use the categorical approach announced by the Supreme Court in *Taylor* v. *United States*, 495 U.S. 575, 588–89 (1990), to determine whether a prior conviction is a predicate offense under the ACCA. *United States* v. *Parnell*, 818 F.3d 974, 978 (9th Cir. 2016). We "compare the elements of the statute forming the basis of the defendant's

conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps* v. *United States*, 133 S. Ct. 2276, 2281 (2013). "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

To qualify as a predicate offense under the force clause, the state statute must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). When determining whether the state statute has such an element, we look at both the text of the state statute and "the state courts' interpretations" of the statute's terms. *United States* v. *Flores-Cordero*, 723 F.3d 1085, 1087 (9th Cir. 2013) (citing *Johnson* v. *United States*, 559 U.S. 133, 138 (2010)). State cases that examine the outer contours of the conduct criminalized by the state statute are particularly important because "we must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized." *Moncrieffe* v. *Holder*, 133 S. Ct. 1678, 1684 (2013) (alteration in original) (internal quotation marks and citation omitted).

Oregon's third degree robbery statute provides:

> A person commits the crime of robbery in the third degree if . . . the person uses or threatens the immediate use of physical force upon another person with the intent of:
>
> > (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

> (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.

Or. Rev. Stat. § 164.395(1). The state statute requires the use or threatened use of "*physical force* upon another person." *Id.* (emphasis added). The ACCA's force clause also requires "physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court held that "physical force" in the ACCA means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. Our question is whether the term "physical force" as used in the Oregon statute is coextensive with the term's use in the ACCA. We hold that it is not, so a conviction for third degree robbery under Oregon law is not a predicate offense under the ACCA.

State cases show that Oregon doesn't require physically violent force. For example, in *State* v. *Johnson*, the Oregon Court of Appeals affirmed a conviction for third degree robbery where a thief snatched a purse from an elderly woman's shoulder. 168 P.3d 312, 313 (Or. Ct. App. 2007). The woman didn't notice the theft until after the thief had run away; "she did not feel a tug or 'much of anything.'" *Id.* The court found that this satisfied the state statute because the thief used physical force to snatch the purse so as to prevent any possible resistance. *Id.* at 314. The court explained that "the statute does not focus on the extent to which the victim may or may not have felt the force, but rather on the perpetrator's intent, while using force on the victim, that any resistance that the victim might offer be prevented or overcome." *Id.*; *see also Pereida-Alba* v. *Coursey*, 342 P.3d

70, 76–77 (Or. 2015) (en banc) (explaining that it was possible for a third degree robbery charge to apply to a shoplifter who attempted to pull away from a security guard); *State* v. *Williams*, 648 P.2d 1354, 1355, 1357 (Or. Ct. App. 1982) (finding that an attempted purse snatching satisfied the statute when the victim and the thief had a tug-of-war over the purse). These cases demonstrate that state courts don't interpret the Oregon statute as requiring the use or threatened use of violent force. Therefore, Oregon's third degree robbery statute is not a categorical match to the force clause.

The government concedes that cases like *Johnson* and *Williams* "did not involve any actual force" and thus don't meet the requirements of the force clause. But it argues that a subsequent case from Oregon's Supreme Court, *State* v. *Hamilton*, 233 P.3d 432 (Or. 2010), clarified that the statute does require violent force. According to the government, the Oregon Court of Appeals cases are just "outlier decision[s] by a lower state court" that shouldn't control the outcome of this case.

But *Hamilton* did not clarify the physical force requirement in the third degree robbery statute; it didn't even consider that question. Rather, it defined who could be a "victim" of robbery and held that charges related to multiple victims don't merge. *Id.* at 436. *Hamilton* doesn't vitiate the lower courts' holdings that demonstrate Oregon's third degree robbery statute isn't a violent felony under the ACCA.

**VACATED AND REMANDED.**