**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ALAN LAWRENCE SHELBY,
*Defendant-Appellant.*

No. 18-35515

D.C. Nos.
3:16-cv-01268-JO
3:94-cr-00380-JO-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted June 5, 2019
Portland, Oregon

Filed September 19, 2019

Before: Mary H. Murguia and Andrew D. Hurwitz, Circuit
Judges, and Jennifer G. Zipps,* District Judge.

Opinion by Judge Hurwitz

---

*The Honorable Jennifer G. Zipps, United States District Judge for
the District of Arizona, sitting by designation.

**SUMMARY**[**]

**28 U.S.C. § 2255**

The panel reversed the district court's denial of a 28 U.S.C. § 2255 motion, and remanded, in a case in which the district court determined that the defendant's prior conviction for armed robbery under Oregon Revised Statutes § 164.415 qualified as a "violent felony" under the Armed Career Criminal Act (ACCA).

The panel held that *United States v. Strickland*, 860 F.3d 1224 (9th Cir. 2017), which held that Oregon third-degree robbery is not a violent felony under the ACCA force clause because it "doesn't require physically violent force," is not clearly irreconcilable with *Stokeling v. United States*, 139 S. Ct. 544 (2019), which addressed a Florida robbery statute that requires resistance by the victim that is overcome by the physical force of the offender.

The panel agreed with the district court that first-degree robbery in violation of Or. Rev. Stat. § 164.415(1)(a), which occurs if the perpetrator is merely "armed with a deadly weapon," is not a categorically violent offense. But the panel disagreed with the district court's conclusion, under the modified categorical approach, that the defendant's prior convictions were under Or. Rev. Stat. § 164.415(1)(b), which requires the use or attempted use of a dangerous weapon, and therefore were violent ACCA offenses. The panel wrote that the *Shepard* documents do not establish that

the defendant was charged or convicted under § 164.415(1)(b), and therefore even assuming § 164.415(1) is divisible, the district court erred in finding that the defendant had been convicted of armed robbery under subsection (b).

## COUNSEL

Elizabeth G. Daily (argued), Assistant Federal Public Defender; Stephen R. Sady, Chief Deputy Federal Public Defender; Office of the Federal Public Defender, Portland, Oregon; for Defendant-Appellant.

Suzanne B. Miles (argued) and Benjamin Tolkoff, Assistant United States Attorneys; Kelly A. Zusman, Appellate Chief; Billy J. Williams United States Attorney; United States Attorney's Office, Portland, Oregon; for Plaintiff-Appellee.

## OPINION

HURWITZ, Circuit Judge:

The issue for decision is whether first-degree armed robbery in violation of Oregon Revised Statutes § 164.415 is a "violent" felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). As a matter of common understanding, appellant Alan Shelby, who has been convicted of armed robbery three times in Oregon state court, is the paradigm of an armed career criminal. But we are mandated by the Supreme Court to analyze this case not through common understanding, but rather by comparing the elements of the state crime to the requirements of the federal statute. And, faithfully applying that approach, we conclude

that the Oregon convictions before us do not qualify as violent felonies under the ACCA.

## I.

Shelby pleaded guilty in district court to one count of escape in violation of 18 U.S.C. § 751(a), and one count of unlawfully possessing a firearm after a felony conviction in violation 18 U.S.C. § 922(g).  The ACCA mandates a 15-year minimum sentence for a person convicted under § 922(g) with "three previous convictions . . . for a violent felony or a serious drug offense, or both."  18 U.S.C. § 924(e)(1).  A violent felony is defined under the ACCA "force clause" as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  The ACCA "residual clause" also defines a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).[1]

In seeking an ACCA enhancement to Shelby's § 922(g) sentence, the government offered proof of: (1) three prior convictions for Oregon first-degree robbery; (2) one prior conviction for Oregon second-degree robbery; and (3) one prior federal conviction for "Conspiracy to Manufacture, Possess With Intent to Distribute and Distribute Methamphetamine and Use Of a Firearm During a Drug Crime."  The sentencing judge imposed the ACCA enhancement; Shelby received a sentence of 180 months on the felon in possession count.  The sentencing judge did not

---

[1] The ACCA also contains an "enumerated clause," defining a violent felony as a crime that "is burglary, arson, or extortion, [or] involves use of explosives."  18 U.S.C. § 924(e)(2)(B)(ii).  That clause is not at issue in this case.

indicate which clause of the ACCA he relied upon, but because ACCA requires three prior qualifying convictions, the sentence necessarily rests on the conclusion that Oregon first-degree robbery is a violent felony.

In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court held the ACCA residual clause to be unconstitutionally vague, and in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), it applied the rule in *Johnson* retroactively. After *Welch* was decided, Shelby timely filed a 28 U.S.C. § 2255 motion, challenging the ACCA enhancement because the residual clause no longer applied and asserting that the three first-degree robbery convictions did not qualify as violent felonies under the force clause.

The district court denied the motion. It started from the premise that armed robbery under Or. Rev. Stat. § 164.415(1)(a) is not categorically an ACCA violent felony, because the mere possession of a concealed weapon, not its use, can establish being "armed" under the state law. But, the court found the Oregon first-degree robbery statute divisible, and held that the "indictments show that Shelby was convicted under subsection (b) of Or. Rev. Stat. § 164.415 rather than subsection (a)." Because subsection (b) proscribes robberies in which the defendant "[u]ses or attempts to use a dangerous weapon," the court held that Shelby's prior convictions were ACCA violent felonies.

## II.

### A.

A felony is "violent" under the ACCA force clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C.

§ 924(e)(2)(B)(i).   The "physical force" must be "*violent* force," or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).    The force clause "encompasses robbery offenses that require the criminal to overcome the victim's resistance." *Stokeling v United States*, 139 S. Ct. 544, 550 (2019).

Our starting point in determining whether Shelby's convictions are violent felonies is the base Oregon robbery statute, which defines third-degree robbery as follows:

> A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:
>
> (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
>
> (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.

Or. Rev. Stat. § 164.395(1).  First-degree robbery occurs "if the person violates ORS 164.395 and the person: (a) Is armed with a deadly weapon; (b) Uses or attempts to use a dangerous weapon; or (c) Causes or attempts to cause serious physical injury to any person."   Or. Rev. Stat. § 164.415(1).

We held in *United States v. Strickland* that Oregon third-degree robbery is not a violent felony under the ACCA force clause because it "doesn't require physically violent force." 860 F.3d 1224, 1227 (9th Cir. 2017). The government first argues that *Strickland* is no longer good law after *Stokeling*.

A three-judge panel can only decline to apply prior Circuit precedent "clearly irreconcilable" with a subsequent Supreme Court decision. *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1072–73 (9th Cir. 2018). We recognized in *Ward v. United States* that "[o]ur prior distinction between 'substantial' and 'minimal' force in the ACCA robbery context" does not survive *Stokeling*. No. 17-35563, slip op. at 9 (9th Cir. Sept. 3, 2019). But, in the same case, we noted that "*Stokeling* made clear that force involved in snatchings, where there is no resistance, is not sufficient to fall under the ACCA's force clause." *Id.* at 10 n.4. And, we stressed that

> [i]n several recent memorandum dispositions, we have also recognized instances of force that did not fall within "the scope of the elements clause as defined in *Stokeling*." *United States v. Lawrence*, 758 F. App'x 624, 625 (9th Cir. 2019); *see also Torres v. Whitaker*, 752 F. App'x 512, 513 & n.1 (9th Cir. 2019). Thus, to whatever extent the state statutes discussed in *Molinar* and other ACCA robbery cases criminalize force more broadly than in *Stokeling*, those cases have not been overruled. *See Lawrence*, 758 F. App'x at 625 (reaffirming *United States v. Strickland*, 860 F.3d 1224 (9th Cir. 2017)).

*Id.*

Applying this analysis, we conclude that *Strickland* and *Stokeling* are not clearly irreconcilable. *Stokeling* addressed a Florida statute defining robbery as "the taking of money or other property . . . from the person or custody of another, . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear." 139 S. Ct. at 549 (alterations in original) (quoting Fla. Stat. § 812.13(1)). Because "[t]he Florida Supreme Court has made clear that the statute required 'resistance by the victim that is overcome by the physical force of the offender,'" the Supreme Court held that a Florida robbery conviction qualified as a violent felony under the ACCA force clause. *Id.* at 554–55 (quoting *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997)). But, *Stokeling* emphasized that the state statute did not apply to "a defendant who merely snatches money from the victim's hand" without grabbing the victim's fingers, or one "who steals a gold chain . . . simply because the victim feels his fingers on the back of her neck." *Id.* at 555 (cleaned up).

In contrast to the Florida crime, Oregon third-degree robbery does not even require that a victim feel "much of anything." *Strickland*, 860 F.3d at 1227 (quoting *State v. Johnson*, 168 P.3d 312, 313 (Or. Ct. App. 2007)). Under Oregon law, "a perpetrator could 'prevent' a victim's resistance by acting so swiftly that the victim does not have time to resist, *i.e.*, by taking the victim's property so quickly that resistance is futile." *Johnson*, 168 P.3d at 314; *see Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) ("[I]t is clear that a conviction under section 164.395 requires only minimal physical force."). We therefore conclude that *Strickland* survives *Stokeling*.

**B.**

The next question is whether Oregon *first-degree* robbery is categorically violent under the ACCA force clause. The district court held that armed robbery in violation of Or. Rev. Stat. § 164.415(1)(a) is not a categorically violent offense. We agree. First-degree robbery occurs under § 164.415(1)(a) if the perpetrator is merely "armed with a deadly weapon." "The person committing the crime need not actually use the deadly weapon, much less make any representations about it." *State v. Zimmerman*, 12 P.3d 996, 998 (Or. Ct. App. 2000). "There is a material difference between the presence of a weapon, which produces a *risk* of violent force, and the actual or threatened use of such force. Only the latter falls within ACCA's force clause." *United States v. Parnell*, 818 F.3d 974, 980 (9th Cir. 2016) (emphasis in original).

The government argues that "no Oregon case has held that a first-degree robbery conviction could be sustained under Or. Rev. Stat. § 164.415(1)(a) based solely on a defendant's purely covert firearm possession." But it does not contest that the Oregon statute expressly covers such conduct. "[I]f a state statute explicitly defines a crime more broadly than the generic definition, no legal imagination is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime." *United States v. Brown*, 879 F.3d 1043, 1050 (9th Cir. 2018) (quoting *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1009–10 (9th Cir. 2015)).[2]

---

[2] Our conclusion is consistent with this Court's interpretations of similar state armed robbery statutes. *See United States v. Molinar*, 881 F.3d 1064, 1069–70 (9th Cir. 2017) (holding that Arizona's armed

### C.

Although correctly concluding that armed robbery under Or. Rev. Stat. § 164.415(1)(a) did not qualify as an ACCA violent offense under the force clause, the district court found that § 164.415 was divisible under the rule of *Descamps v. United States*, 570 U.S. 254, 261–64 (2013). It then concluded that Shelby's prior convictions were under Or. Rev. Stat. § 164.415(1)(b), which requires the use or attempted use of a dangerous weapon, and therefore were violent ACCA offenses.

If a statute is divisible, the modified categorical approach allows looking "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). But, when the so-called "Shepard documents," *see Shepard v. United States*, 544 U.S. 13, 16 (2005), do not make clear what section of a divisible statute the defendant was convicted under, a prior conviction cannot constitute a disqualifying offense under the modified categorical approach. *See Marinelarena v. Barr*, No. 14-72003, 2019 WL 3227458, at *6 (9th Cir. July

robbery statute does not qualify as a "crime of violence" in part because it "does not require that the robber actually use or even threaten to use a weapon"); *United States v. Geozos*, 870 F.3d 890, 899–901 (9th Cir. 2017) (holding that Florida armed robbery, which requires a defendant to "carr[y] a firearm or other deadly weapon" in "the course of committing the robbery," did not qualify as a violent felony in part because "it would have been possible for someone to be convicted of violating the statute for carrying a firearm during a robbery even if that firearm was not displayed and the victim of the robbery was unaware of its presence").

18, 2019) ("[A]mbiguity in the record as to a petitioner's offense of conviction means that the petitioner has *not* been convicted of an offense disqualifying her from relief."); *see also United States v. Arriaga-Pinon*, 852 F.3d 1195, 1199–1200 (9th Cir. 2017).

The indictments for Shelby's Oregon first-degree robbery convictions do not specify whether he was accused of violating subsection (a) or subsection (b) of § 164.415(1), or both. Each alleges that Shelby was "armed with . . . a deadly weapon," but none alleges that he *used* the weapon during the charged robbery.[3] And, the judgments of

---

[3] The indictment in Lane County Case No. 10-83-06212 alleged:

> The defendant on or about the 6th day of July, 1982, in the county aforesaid . . . did unlawfully and knowingly use and threaten the immediate use of physical force upon [the victim], and was armed with a handgun, a deadly weapon, while in the course of committing and attempting to commit theft of United States money and other property with the intent of preventing or overcoming resistance to the defendants taking and retention immediately after the taking of the property[.]

The indictment in Lane County Case No. 10-83-07615 alleged:

> The defendant on or about the 30th day of May, 1982, in the county aforesaid . . . did unlawfully and knowingly use and threaten the immediate use of physical force upon [the victim], and was armed with a pistol, a deadly weapon, while in the course of committing and attempting to commit theft of money and other property, with the intent of preventing and overcoming resistance to the defendant's taking and retention immediately after the taking of the property[.]

conviction simply state that Shelby pleaded guilty to the first-degree robbery offense charged, without identifying a subsection of the Oregon statute. The Shepard documents therefore simply do not establish that Shelby was charged or convicted under § 164.415(1)(b). And, even if the Shepard documents could be read as alleging crimes under both subsections (a) and (b), the elements of the offense of conviction remain unclear when the defendant is convicted under a conjunctively phrased charging document. *United States v. Lee,* 821 F.3d 1124, 1129 (9th Cir. 2016). Therefore, even assuming that § 164.415(1) is divisible, the district court erred in finding that Shelby had been convicted of armed robbery under subsection (b).

## III.

For the reasons above, we **REVERSE** the district court's denial of Shelby's § 2255 motion, and **REMAND** with

---

The indictment in Lane County Case No. 10-83-07616 alleged:

> The defendant on or about the 24th day of March, 1981, in the county aforesaid . . . did unlawfully and knowingly use and threaten the immediate use of physical force upon [the victim], and was armed with a rifle and a shotgun, deadly weapons, while in the course of committing and attempting to commit theft of United States money and other property with the intent of preventing and overcoming resistance to the defendants taking and retention immediately after the taking of the property[.]

instructions to grant the § 2255 motion and for resentencing on an open record.**[4]**

---

**[4]** The government argues for the first time on appeal that because Shelby's Oregon robbery sentences were enhanced for the "use or threatened use of a firearm" by "an additional mandatory minimum term of five (5) years pursuant to ORS 161.610," the judgments of conviction establish that he was convicted under Or. Rev. Stat. § 164.415(1)(b). We decline to address this argument in the first instance. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (internal quotation marks and citation omitted)). Because we remand for resentencing on an open record, the government may present this argument to the district court.