NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAUNCEY L. WILLIAMS,<br><br>                Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent-Appellee. | No.   17-35279<br><br>D.C. Nos.   3:16-cv-05559-BHS<br>                  3:11-cr-05505-BHS-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted December 10, 2019
Seattle, Washington

Before: McKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,** District Judge.

Chauncey Williams appeals the district court's denial of his habeas petition

under 28 U.S.C. § 2255, in which he sought to vacate his 18 U.S.C.

§ 924(c)(1)(A)(ii) conviction for possession of a firearm in furtherance of a crime

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

of violence. The parties are familiar with the facts, so we need not repeat them here. We have jurisdiction under 28 U.S.C. § 2253, and we deny the petition.

We review de novo the denial of a § 2255 motion. *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000). The burden is on Williams to establish, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

Williams argues his conviction under 18 U.S.C. § 924(c) is unconstitutional after *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act as unconstitutionally vague. Even assuming, without deciding, that Williams can overcome the procedural hurdles implicated by *United States v. Blackstone*, 903 F.3d 1020, 1026-28 (9th Cir. 2018), Williams's petition fails on its merits.

The question is whether Williams's armed postal robbery conviction under 18 U.S.C. § 2114(a) was categorized as a crime of violence under the residual clause or the elements clause of § 924(c)(3). To assist in this inquiry, we apply a modified categorical approach. "The modified categorical approach allows courts to look beyond the statutory text to a limited set of documents to determine the elements of the . . . offense of which the defendant was convicted when some alternative elements of the . . . crime would match the federal, generic crime, and other alternative elements would not." *Rendon v. Holder*, 764 F.3d 1077, 1083 (9th

2

Cir. 2014). We may apply the modified categorical approach only where a statute has a divisible structure. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A statute is divisible when it contains "multiple, alternative elements of functionally separate crimes," as opposed to alternative means of committing the same crime. *Rendon*, 764 F.3d at 1084-85. The divisibility of a statute can generally be determined on its face. *Mathis*, 136 S. Ct. at 2256.

The parties agree § 2114(a) is divisible into a standard offense and an aggravated offense under *Mathis*. We conclude the aggravated offense of § 2114(a) is further divisible into three specific aggravated offenses: wounding a person having custody of United States mail, money, or other property of the United States; placing that person's life in jeopardy by use of a dangerous weapon; and committing the crime after a prior § 2114(a) conviction. 18 U.S.C. § 2114(a).

Because the statute is divisible, we turn to the *Shepard* documents to determine the specific offense of Williams's conviction. *See generally United States v. Shelby*, 939 F.3d 975, 980 (9th Cir. 2019). The jury instructions make clear Williams was convicted under the "life in jeopardy" subclause because "while committing the robbery, [Williams] jeopardized the life of the person described in the indictment by using a dangerous weapon."

We next consider whether that subclause qualifies as a crime of violence

3

under the elements clause of § 924(c)(3). Under the elements clause, a "crime of violence" is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Physical force, as it appears in the similarly-worded elements clause of the Armed Career Criminal Act, means "violent physical force—'that is, force capable of causing physical pain or injury to another person.'" *United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017) (quoting *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010)). The force required for common law robbery meets this definition. *Stokeling v. United States*, 139 S. Ct. 544, 551 (2019). At common law, "[i]f an act physically overcame a victim's resistance, 'however slight' that resistance might be, it necessarily constituted violence," and hence amounted to robbery. *Id*. at 550 (citation omitted).

Armed postal robbery as committed under the life in jeopardy subclause is a crime of violence. The subclause expressly requires the use of a dangerous weapon that "puts [the victim's] life in jeopardy." § 2114(a). We have recognized that "[p]utting life in jeopardy . . . requires a holdup involving the use of a dangerous weapon actually so used during the robbery that the life of the person being robbed is placed in an objective state of danger." *United States v. Coulter*, 474 F.2d 1004, 1005 (9th Cir. 1973) (internal quotation omitted). Using a firearm or other deadly

4

weapon to place a victim's life in danger during a robbery involves a threatened use of physical force within the meaning of *Curtis Johnson*.

Because Williams's conviction under § 2114(a) constitutes a crime of violence under the elements clause of § 924(c)(3), both *Johnson* and *United States v. Davis*, 139 S. Ct. 2319 (2019), are inapplicable to Williams's conviction and do not provide a remedy.

**PETITION DENIED**.