**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-17241 |
| Plaintiff-Appellee, | D.C. Nos. 4:16-cv-03588-YGR |
| v. | 4:12-cr-00235-YGR-2 |
| OTIS MOBLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 14, 2020**
San Francisco, California

Before: TALLMAN and HUNSAKER, Circuit Judges, and SILVER,*** District
Judge.

Otis Mobley appeals the district court's denial of his motion under 28 U.S.C.

§ 2255 to set aside his sentence. We have jurisdiction under 28 U.S.C. § 2253(a)

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

and 28 U.S.C. § 1291, and we dismiss the appeal.

Mobley pleaded guilty to violations of 18 U.S.C. §§ 111(b) and 924(c) after attempting to rob a federal agent at gunpoint during a grenade-launcher-sale gone wrong. *See United States v. Mobley*, 803 F.3d 1105, 1107 (9th Cir. 2015). He was sentenced to 114 months' imprisonment: 30 months for § 111(b) and 84 months consecutive for § 924(c). Mobley moved under § 2255 to vacate his sentence, contending that § 111(b) cannot constitute a "crime of violence" under § 924(c) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which struck down § 924(c)(3)(B) (the "residual clause") as unconstitutionally vague. The government claims Mobley's sentence can be justified under § 924(c)(3)(A) (the "elements clause") which defines as a crime of violence any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Mobley's collateral-attack waiver is valid, but it does not prevent us from looking at the merits of Mobley's petition to see if his sentence is "illegal" after *Davis*. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). The waiver question thus collapses into the merits: if Mobley's sentence is illegal, his waiver is no bar to the suit; if his sentence remains valid, the waiver bars the petition. The government concedes this point in its brief.

We review the district court's denial of Mobley's § 2255 petition de novo,

*see United States v. Fultz*, 923 F.3d 1192, 1194 (9th Cir. 2019), along with its determination that a crime is categorically violent, *see United States v. Begay*, 934 F.3d 1033, 1037 (9th Cir. 2019). The legality of Mobley's sentence is controlled by *United States v. Juvenile Female*, 566 F.3d 943 (9th Cir. 2009). We held there that § 111(b) is categorically violent; that is, that *every violation* of § 111(b) necessarily entails the use of force against a person, or the threat or attempt of the same. *Id.* at 947–48. That holding binds us. *See United States v. Shelby*, 939 F.3d 975, 978 (9th Cir. 2019) (later panel may decline to apply prior holding only if it is "clearly irreconcilable with a subsequent Supreme Court decision") (internal quotation marks omitted).

Because § 111(b) is categorically violent, Mobley's sentence is justified under § 924(c)'s elements clause. We therefore enforce his collateral-attack waiver.

**DISMISSED**.