NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICARDO JOSE HERDOCIA JARQUIN,
AKA Ricardo Jose Herdocia,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-70266

Agency No. A028-749-019

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2021
Portland, Oregon

Before:  PAEZ and WATFORD, Circuit Judges, and TUNHEIM,** District Judge.

Petitioner Ricardo Jose Herdocia Jarquin petitions for review of a final order

of the Board of Immigration Appeals ("BIA") finding him removable pursuant to

8 U.S.C. § 1227(a)(2)(A)(iii) because of his conviction under California Penal

_____

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

Code § 417.8.  We have jurisdiction under 8 U.S.C. § 1252 and review de novo whether a conviction under state law constitutes a removable offense.  *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1130 (9th Cir. 2016).  We grant the petition and remand.

In 2018, the Immigration Judge ("IJ") ordered Herdocia Jarquin removed as a person who has committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), based on his conviction for a crime of violence pursuant to 8 U.S.C. § 1101(a)(43)(F).  A crime of violence is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"  18 U.S.C. § 16(a).  The sole ground of removability was Herdocia Jarquin's 2014 conviction under California Penal Code § 417.8, which makes it a crime to "draw[] or exhibit[] any firearm, whether loaded or unloaded, or other deadly weapon, with the intent to resist or prevent the arrest or detention of himself or another by a peace officer[.]"  The IJ concluded that Herdocia Jarquin's conviction under California Penal Code § 417.8 also rendered him ineligible for asylum and withholding of removal.  *See* 8 U.S.C. § 1158(b)(2)(A)(ii); 1158(b)(2)(B)(i).

On appeal to the BIA, Herdocia Jarquin argued that his offense under California Penal Code § 417.8 was not a crime of violence.  The BIA discerned no basis to reverse the Immigration Judge's decision, relying on our opinion in *Reyes-*

*Alcaraz v. Ashcroft*, in which we held that a conviction under California Penal Code § 417.8 necessarily involves a threatened use of physical force and is thus a crime of violence under 18 U.S.C. § 16(a). 363 F.3d 937, 941 (9th Cir. 2004).

Herdocia Jarquin argues that California Penal Code § 417.8 is not a crime of violence because it does not categorically require force *against another*. The government contends that this argument is foreclosed by our holding in *Reyes-Alcaraz*. However, in *Reyes-Alcaraz* we did not consider whether a conviction under California Penal Code § 417.8 required the use or threatened use of physical force against another, and therefore, that case is not precedential for the question Herdocia Jarquin raises here. *See, e.g.*, *Morales-Garcia v. Holder*, 567 F.3d 1058, 1064 (9th Cir. 2009); *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.").

To determine whether a conviction under state law constitutes a crime of violence, we apply the categorical approach from *Taylor v. United States*, 495 U.S. 575 (1990). *Flores-Vega v. Barr*, 932 F.3d 878, 882 (9th Cir. 2019). Under the categorical approach, the court examines the state statute to determine whether it "categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (quotation omitted). In determining the scope of a crime of conviction, we are bound by state

courts' interpretation of state criminal statutes. *See United States v. Flores-Cordero*, 723 F.3d 1085, 1087 (9th Cir. 2013), *as amended on denial of reh'g*, (Oct. 4, 2013). "State cases that examine the outer contours of the conduct criminalized by the state statute are particularly important because 'we must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized.'" *United States v. Strickland*, 860 F.3d 1224, 1226–27 (9th Cir. 2017) (quoting *Moncrieffe*, 569 U.S. at 190–91).

Since *Reyes-Alcaraz*, California courts have concluded that California Penal Code § 417.8 can be violated even when the offender seeks only to harm himself. *See, e.g.*, *People v. Thong Ngot Sang*, No. F042554, 2004 WL 1067962 at *5 (Cal. Ct. App. May 13, 2004) (unpublished); *People v. Lawhead*, No. C072151, 2015 WL 1524585 at *2 (Cal. Ct. App. Apr. 3, 2015) (unpublished). Thus, California courts have applied California Penal Code § 417.8 to a broader range of conduct than "the use, attempted use, or threatened use of physical force against the person or property *of another*." 18 U.S.C. § 16(a) (emphasis added). Accordingly, a conviction under § 417.8 is not a categorical crime of violence, and is therefore not a removable offense pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(F).

**PETITION GRANTED AND REMANDED.**