222 January 10, 2024 No. 30

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA BRANDON WILLIAMS,
aka John Doe,
*Defendant-Appellant.*
Baker County Circuit Court
22CR05814; A178802

Matthew B. Shirtcliff, Judge.

Submitted August 21, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Armstrong, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for third-degree robbery, ORS 164.395, and first-degree criminal trespass, ORS 164.255. In his sole assignment of error, defendant argues that the trial court erred when it denied his motion for judgment of acquittal for third-degree robbery because there was insufficient evidence that defendant used or threatened physical force.

Defendant's robbery conviction was based, in relevant part, on evidence that he quickly grabbed a motel key card out of the victim's hand while the victim was using it to enter the motel. Defendant concedes that in *State v. Johnson*, 215 Or App 1, 5-6, 168 P3d 312, *rev den*, 343 Or 366 (2007), we held that a person uses "physical force" sufficient to support a conviction for robbery by "taking the victim's property so quickly that resistance is futile." However, he contends that *Johnson* is plainly wrong under the test established in *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017). Defendant advances three arguments as to why *Johnson* is plainly wrong: (1) it is not consistent with *State v. Hamilton*, 348 Or 371, 233 P3d 432 (2010); (2) it is not reconcilable with the plain text of the robbery statute; and (3) it incorrectly allows a robbery conviction when physical force was directed only at the property, not at the victim. The arguments that defendant advances here are not "qualitatively new," nor do they persuade us that *Johnson* is plainly wrong under the "rigorous" standard established in *Civil*. *See Civil*, 283 Or App at 416.

Affirmed.